UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. LUKE'S CATARACT AND LASER
INSTITUTE, P.A.,

    Plaintiff,

v.                                              Case No.  8:06cv223-T26MSS

JAMES C SANDERSON,
JAMES C. SANDERSON M.D., LLC and
MARK ERICKSON

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OPPOSING ADMISSION OF EVIDENCE
FROM ARCHIVE.ORG AND THE WAYBACK MACHINE**

    Defendants, James C. Sanderson, James C. Sanderson M.D., LLC and Mark Erickson, through their undersigned trial counsel, oppose Plaintiff's motion for the admission of evidence from the Archive.org web site and its Wayback Machine.  For the reasons set forth herein, Plaintiff's motion should be denied and the evidence excluded.

    Defendants object to the admission of Plaintiff's Wayback machine evidence at the evidentiary hearing.  Civil Evidence Rule 901 requires authentication of documents as a condition precedent to admissibility.  Plaintiff is unable to authenticate the cached files downloaded from Archive.org.  The Wayback machine evidence requires the opinion of an expert to explain its complexities and interpret its meanings.  This is because the data retrieved from the Wayback machine is historical, assembled by Plaintiff in furtherance of this litigation and not kept in the normal course of Plaintiff's business.  The evidence requires an explanation by an expert with respect to how it was collected by Archive.org,

including the protocols concerning how the software collates and categorizes the cached files. The evidence requires expert interpretation to be understood in relation to the claim of infringement and conversion alleged by Plaintiff. At this point in the litigation, Plaintiff has attempted to explain the evidence through fact witnesses and argument of counsel. However, the opinions of Plaintiff's fact witnesses concerning the evidence is improper for the purpose of authentication since fact witnesses are not entitled to express opinions on scientific data, that is solely the province of the expert witness. Plaintiff seeks to substitute legal argument and fact witness opinions for expert opinions. Civil Rule 26(a)(2) requires strict disclosure of expert testimony which has not been made by Plaintiff. Civil Evidence Rule 701 specifically precludes fact witness testimony in the form of opinions or inferences unless based on the perception of the witness. Civil Evidence Rule 702 allows only qualified witnesses to give an opinion on scientific and technical issues. The Wayback machine evidence is technical. Plaintiff's fact witnesses who have executed declarations in support of the motion for preliminary injunction are not qualified to opine concerning the Wayback machine evidence. Plaintiff has not complied with the Civil Rules and Evidentiary Rules and therefore the evidence should be excluded at the evidentiary hearing.

**The Houser and Fertic Declarations Are Invalid**

The Houser and Fertic declarations are thinly disguised "expert opinions." The cached files from Archive.org using the Wayback machine cannot be offered into evidence through these two fact witnesses. Each individual filed a declaration in support of Plaintiff's motion for preliminary injunction. Exhibits B, G and H to the Houser Declaration are cached files from Archive.org. The documents are not documents kept in

the course of Plaintiff's business. Instead, they are documents generated in furtherance of litigation to prove an ultimate issue. Mr. Houser relies on the cached files generated from the Wayback machine to express an opinion, namely, how Dr. Sanderson's web site appeared historically. This is not personal knowledge testimony. Mr. Houser is not testifying with respect to facts personally known to him. Mr. Houser is not testifying that Dr. Sanderson's web site contained any specific content or hyperlink on any given date based upon his personal knowledge. Instead, Mr. Houser is relying upon historical data and third parties who cached the files using a software protocol which Mr. Houser does not understand. Mr. Houser's reliance upon unknown persons who created the Wayback machine software means that he is not testifying from personal knowledge.

 Mr. Houser testified at his deposition on April 10, 2006 as follows:

Q: How proficient are you on computers? How would you describe your level of expertise with computers?

A: I'm good with certain applications. You know, I use Excel. I'm good at putting together spreadsheets. I can use Word. I typically – often type my own correspondence because it's more efficient than dictating and going through a secretary.

Q: Would you consider yourself a computer expert?

A: No, no. Far from it.

Q: Are you Microsoft certified?

A: No.

Q: Have you ever taken any courses in computer programming or computer use?

A: You know, way back when I was at Dartmouth, I think. I took a computer programming course. That would have been, you know, 35 or so years ago, so –

Q: Before the Internet?

A: Way before the Internet.

Houser deposition, page 8, lines 17 – 25, page 9, lines 1 – 11.

Mr. Houser further testified:

Q: Okay. And when you say you saw the site, were you viewing it on the Internet or were you reviewing documents downloaded from the Internet?

A: There's a site called Wayback machine or something like that, and I've seen the site as it existed at certain points in time in history on that Wayback machine site.

Q: What is your familiarity with the Wayback Machine?

A: I have no expertise with it. I've just looked at it.

Q: Do you know how to access it and review archived Web site files?

A: I've learned to, yes.

Q: Is that something St. Luke's does in the normal course of their business?

A: No.

Houser deposition, page 40, lines 5 – 21. The above referenced testimony is attached as Exhibit A. Mr. Houser is not competent to testify with respect to archived files and historical data of which he has no personal knowledge and cannot vouch for the reliability of the Wayback machine evidence.

Plaintiff also filed the declaration of Benjamin Fertic in support of its motion for preliminary injunction. The Fertic declaration also attempts to offer the archived files from the Wayback machine into evidence. Mr. Fertic is not identified as an expert in this case. Mr. Fertic does not work for Plaintiff. Instead, Mr. Fertic is a friend or associate of

Plaintiff with some level of computer sophistication. Despite the fact that Mr. Fertic swore that the exhibits to his declaration were true and correct copies, he swore not from personal knowledge, but instead upon reliance from the software at Archive.org and their Wayback machine. These are mere opinions from a fact witness. The opinions are now admittedly incorrect. The statements made by Mr. Fertic in his declaration are not made upon personal knowledge, but instead upon his interpretation of the data downloaded from the Wayback machine. The Fertic declaration is troubling for other reasons. For instance, in paragraph 6 of his declaration, Mr. Fertic swears from personal knowledge that Mr. Erickson "accessed St. Luke's computer systems, without authorization or consent, removed the entire content of the LaserSpecialist.com and LaserEyelid.com Sites and all related code from St. Luke's servers and reloaded the sites on new servers Erickson controlled." However, Mr. Fertic has no such personal knowledge. The Fertic deposition taken April 12, 2006 is attached in its entirety as Exhibit B. The Fertic deposition confirms that all the statements made in his declaration were not made from personal knowledge, but were instead based upon hearsay statements, conjecture and assumptions. The testimony does not authenticate the evidence. The Fertic declaration and evidence from the Wayback machine must be excluded from the evidentiary hearing.

**The Davis Affidavit is Invalid**

Plaintiff next seeks to validate the evidence from Archive.org and the cached files from the Wayback machine through the Affidavit of Molly Davis (Exhibit B to Plaintiff's instant motion). Ms. Davis' two year old affidavit filed in an unrelated case confirms the unreliability of the cached files gathered by the Wayback machine. More troubling,

Plaintiff now tacitly admits that "**St. Luke's incorrectly understood at the time it filed its Motion for Preliminary Injunction that the Internet Archive archives entire Web *sites* at one time**." This statement of confusion exemplifies the problem with Plaintiff's evidence and underscores why Plaintiff's fact witnesses are incompetent to testify concerning the cached files gathered from the Wayback machine. Realizing now that Mr. Fertic and Mr. Houser were wrong in their declarations with respect to their lay opinions of how the Wayback machine works and how the data is interpreted, Plaintiff now offers the affidavit of Ms. Davis, a person of unknown veracity. Ms. Davis' affidavit does not authenticate the evidence Plaintiff seeks to admit. Civil Rule 702 requires not only that expert testimony be based upon sufficient facts or data and is the product of reliable principles and methods, but also that the witness has applied the principles and methods reliably to the facts of the case. Ms. Davis' affidavit in an unrelated case has not been applied reliably to the facts of this case. Plaintiff has not sustained its burden under Civil Rule 901 to show the authenticity and reliability of the Wayback machine evidence. The evidence should be excluded at the evidentiary hearing.

## Conclusion

This Court's gate-keeping function applies to all expert testimony. *Kumho Tire Co., L.T.D. v. Carmichael,* 26 U.S. 137, 119 S.Ct. 1167 (1999). The standard for the factors of the Supreme Court's Daubert factors is one of reliability and relevancy. "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).

The evidence that Plaintiff seeks to admit by its instant motion is neither relevant nor reliable.

Therefore, for the reasons set forth above, Plaintiff's motion should be denied and the declarations of Benjamin Fertic and Bradley Houser ruled invalid.

                                        Respectfully submitted,

s/H. William Larson
H. William Larson
Fl. Bar No.: 569930
Ruth E. Freeburg
Fl. Bar No.: 0018106
Trial Counsel for Defendants
Larson & Larson PA
11199 – 69th St. North
Largo, FL 33773-5504
(727) 546-0660 telephone
(727) 545-1595 facsimile
ruthfreeburg@tampabay.rr.com

John D. Goldsmith, Esq.
Trenam, Kempker *et al*.
101 East Kennedy Blvd.
Suite 2700
Tampa, FL 33602

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for the Plaintiff, John D. Goldsmith, Esq., Trenam, Kempker *et al*., 101 East Kennedy Blvd., Suite 2700, Tampa, FL 33602.

s/Ruth E. Freeburg
H. William Larson
Fl. Bar No: 569930

larsonb@tampabay.rr.com
Ruth E. Freeburg
Fl. Bar No: 0018106
ruthfreeburg@tampabay.rr.com
Trial Counsel for Defendants
Larson & Larson PA
11199 – 69th St. North
Largo, FL 33773-5504
(727) 546-0660 telephone
(727) 545-1595 facsimile