UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. LUKE'S CATARACT AND LASER
INSTITUTE, P.A.,

       **Plaintiff,**

v.                                     **Case No.  8:06cv223-T26MSS**

JAMES C SANDERSON,
JAMES C. SANDERSON M.D., LLC and
MARK ERICKSON

       **Defendants.**
_____/

## DEFENDANTS' MEMORANDUM OPPOSING PRELIMINARY INJUNCTION

      Defendants, James C. Sanderson, James C. Sanderson M.D., LLC and Mark Erickson, through their undersigned trial counsel, oppose Plaintiff's motion for preliminary injunction.  For the reasons herein, Plaintiff's motion should be denied.

I.

## INTRODUCTION

      This case concerns a dispute over the domain name www.laserspecialist.com and the content[1] contained on the web site.  Plaintiff seeks a preliminary injunction for: service mark infringement; cyberpiracy; copyright infringement; and conversion. Plaintiff alleges that it owns the domain name and the content on the web site.  Plaintiff further alleges that the Defendants converted the domain name and web site content in an intentional and malicious scheme to deceive and steal patients from St. Luke's.

      Defendants deny that they stole anything from Plaintiff.  Defendants allege that ownership of the domain name is and has always been that of Dr. Sanderson.  Defendants

---

[1]     For purposes of this case, the "content" is the text, graphics and layout of the web site.

further allege that Dr. Sanderson authored all the content of the disputed web site and never assigned the copyright to Plaintiff. Defendants allege, that with respect to the authoring of the content on the web site, Dr. Sanderson has never been a "work for hire" employee of Plaintiff pursuant to 17 U.S.C. §§ 101 and 201. Therefore, ownership of the content on the disputed web site belongs exclusively to Dr. Sanderson. Dr. Sanderson has filed a counter claim for declaratory relief of copyright invalidity. The reasons for invalidity are discussed below. In further support thereof, Defendants submit declarations of Defendant James C. Sanderson, Defendant Mark Erickson and fact witness Jeff Fultz, attesting to the facts alleged herein.

II.

**STANDARD FOR ISSUANCE OF PRELIMINARY RELIEF**

In the Eleventh Circuit, the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001), *reh'g & reh'g en banc* denied, 275 F.3d 58 (11th Cir. 2001); see also *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. *Four Seasons Hotels & Resorts*, 320 F.3d at 1210; *Suntrust Bank*, 252 F.3d at 1166; *American*

2

*Red Cross v. Palm Beach Blood Bank, Inc*., 143 F.3d 1407, 1410 (11th Cir. 1998); *Gold Coast Pub'ns, Inc. v. Corrigan*, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931, 133 L. Ed. 2d 236, 116 S. Ct. 337 (1995).

III.

## SERVICE MARK INFRINGEMENT

In order for Plaintiff to receive injunctive relief under the Lanham Act, it must first establish that it has trademark rights in the mark "www.laserspecialist.com." *See Conagra Inc., v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984).   Plaintiff alleges that it owns trademark rights in laserspecialist.com.[2]   To prevail on a trademark infringement claim where the mark has not been registered, a plaintiff must show "that it has trademark rights on the mark or name at issue distinctive enough to deserve protection; and that the defendant's use of such mark or name is likely to cause confusion as to the proper origin of the services offered." *Portionpac Chem. Corp. v. Sanitech Sys., Inc*., 210 F. Supp. 2d 1302, 1310-11 (M.D. Fla. 2002), citing *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1179 (11th Cir. 1985).

In this case, the domain name laserspecialist.com is not distinctive enough and has not been used in such a way to deserve protection.  It is merely a domain name, an electronic address in the cyber world, nothing more.  Plaintiff has no evidence that the domain name has trademark significance (*i.e*., source identification).  The evidence shows that even when used in a stylized format with a swoosh (see paragraph 20 of the complaint), such use is merely an internal home page link[3].  The stylized designation of

---

[2]       No trademark registration exists so Plaintiff bears the burden of proof with respect to ownership, validity, use, secondary meaning, enforceability, likelihood of confusion and injury.
[3]       An "internal home page link" is an icon used in web sites to return the user to the front page of the site.  It is used to assist the user who has become lost in the site to easily return "home."

the domain name has never been used by Plaintiff as an indicator of its goods and services.   Plaintiff has no evidence that it held the laserspecialist.com domain name out to customers as a source identifier in any advertising.  Although Plaintiff claims in paragraph 21 of the complaint that *St. Luke's also referred to <laserspecialist.com> in numerous educational, advertising and promotional materials in Florida and throughout the United States resulting in the mark becoming famous*," discovery proved this allegation to be unfounded.  Plaintiff has <u>no evidence</u> that Plaintiff, *at any time*, used the laserspecialist.com designation as a trademark.  Trademarks are created by virtue of use and customer recognition.  Plaintiff can show neither.  See Plaintiff's Response and Objections to Defendants' First Set of Interrogatories attached as **EXHIBIT A.** Notwithstanding the fact that the domain name was never used as a trademark, Plaintiff abandoned all use of the domain name in August 2003 when Dr. Sanderson re-established the laserspecialist.com web site for his new practice.  Plaintiff did not object despite having actual knowledge.  Since August 2003, Dr. Sanderson has been the only person using the domain name.  Plaintiff never raised an objection to Dr. Sanderson's use of the domain name until the filing of this law suit in 2006 (a two and one-half year unexplained hiatus).  Even more telling, Plaintiff admits in its pleadings and memorandum that Dr. Sanderson discontinued using the stylized laserspecialist.com "internal home link" in 2004 (two years ago).  Thus, there has been a total abandonment of the stylized use of laserspecialist.com for two years.   Three years non-use of a trademark is *prima facie* abandonment. 15 U.S.C. § 1127.

A domain name itself is not a trademark unless used as a trademark.  Otherwise, it is merely an electronic address on the Internet.  A mark composed of a domain name is

registerable as a trademark or service mark only if it functions as a source identifier. The mark must be presented in a manner that will be perceived by potential customers to indicate source, and not merely as an informational indication of the domain name address used to access a web site. See *In re Eilberg,* 49 USPQ2d 1955 (TTAB 1998). In *Eilberg*, the Board held that a term that only serves to identify a domain name or location on the Internet where the web site appears, and does not separately identify any services, does not function as a trademark. Therefore, a business that creates a web site for the sole purpose of advertising its own services does not acquire trademark rights. In this case, the laserspecialist.com domain name was never used as a trademark, it was an electronic address. Moreover, the content of the site was merely informational.

Plaintiff is unlikely to succeed on the merits of its service mark claim because:

1. Plaintiff cannot show that the domain name is a trademark;

2. Plaintiff never spent any money to create trademark significance in any advertising;

3. Plaintiff can show no revenue resulting from use of the domain name;

4. Plaintiff has no evidence of consumer recognition;

5. Plaintiff abandoned the trademark three years ago;

6. There is no evidence of actual confusion; and

7. Plaintiff is estopped to enjoy the equitable remedy of injunction because Plaintiff unreasonably delayed several years to object to Dr. Sanderson's use of the domain name.

Plaintiff cannot show any irreparable injury because it has not used the domain name or web site content for years. An injunction will not preserve the *status quo*. Dr.

Sanderson resigned from Plaintiff's employ in the *summer of 2003*. In the fall of 2003, Dr. Sanderson re-established the laserspecialist.com domain name using the disputed content without any objection by Plaintiff. After some two and one-half years, Plaintiff files an action for service mark infringement arguing irreparable injury. Plaintiff's inexplicable and unreasonable delay in taking action precludes the equitable remedy of preliminary injunction. Plaintiff unexplained delay in taking action is fatal to the issuance of an injunction.

The injury to Dr. Sanderson if the injunction issues outweighs the injury to Plaintiff if the injunction is denied. This is because the injury to Plaintiff is non-existent. Plaintiff has not used the domain name or content for years. Plaintiff argues that the domain name and web site are critical assets of its business. However, for reasons Plaintiff can or will not explain, it allowed the domain name and web site to be used by Dr. Sanderson for the past three years without objection. Dr. Sanderson shall be injured if an injunction issues because he relied on Plaintiff's inaction in modifying and amending his web site for his current private practice.

The public will not benefit from the issuance of an injunction because Plaintiff is unable to show that any person is likely to be confused. In fact, Plaintiff's physicians routinely refer patients to Dr. Sanderson for consultation and surgery. Sanderson Declaration ¶ 20. Plaintiff's allegation of patient theft and patient confusion cannot be sustained in the light of Plaintiff's voluntary referral of patients to Dr. Sanderson. Plaintiff has no evidence that Dr. Sanderson's skills and a physician and surgeon are inferior. Plaintiff is estopped to argue "confusion" and "irreparable injury" while Plaintiff refers patients to Dr. Sanderson on an ongoing basis.

IV.

**DOMAIN NAME CYBERPIRACY**

Plaintiff is unlikely to succeed on its Cyberpiracy claim.  15 U.S.C
§1125(d)(1)(A) provides that " [a] person shall be liable in a civil action by the owner of
a mark, . . . has a bad faith intention to profit from that mark . . . and registers, traffics or
uses a domain name that -  (I) in the case of a mark that is distinctive at the time of
registration of the domain name, . . . is confusingly similar. . . .

Plaintiff  fails the statutory test for cyberpiracy because Plaintiff does not own a
"mark."  Additionally, Plaintiff has no evidence that Defendants had a bad faith intention
to profit from any mark.  When the domain name was registered in the name of Dr.
Sanderson in June 1998, the domain name was not distinctive.  Since that time, not a
single person has been confused despite the fact that Dr. Sanderson has been using the
domain name for his private practice since the fall of 2003.  Moreover, Plaintiff wrote the
check to register the laserspecialist.com domain name with Dr. Sanderson as the listed
owner in 1998.  If Plaintiff considered the registration of the laserspecialist.com domain
name to Dr. Sanderson to be incorrect, they had an obligation to object in less than eight
years.  Plaintiff is estopped to argue irreparable injury eight years after the occurrence for
which they now complain.

V.

**COPYRIGHT INFRINGEMENT**

Plaintiff is unlikely to succeed on its claim of copyright infringement.

Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of
constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); See also

*BellSouth Advertising & Publishing Corp. v. Donnelley Info. Publishing, Inc.*, 999 F.2d

1436, 1440 (11th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1101, 114 S. Ct. 943, 127

L. Ed. 2d 232 (1994).

Once the plaintiff produces a certificate of copyright[4], the burden shifts to the

defendant to demonstrate why the claim of copyright is invalid." *Mitek Holdings, Inc. v.*

*Arce Engineering Company, Inc,* 89 F.3d 1548 (11th Cir. 1996); See *Bateman v.*

*Mnemonics*, 79 F.3d 1532 (11th Cir. 1996).

Defendants shall sustain the burden of proving invalidity. Plaintiff's copyright

registration is invalid because it was filed incorrectly. Plaintiff has claimed in its

pleadings (paragraph 23 of the complaint) that the author of the content found on the

laserspecialist.com web site is Defendant Mark Erickson as a work-for-hire employee.

However, Dr. Sanderson is in fact the true author of the content on the laserspecialist.com

web site, not Mr. Erickson. This renders the registration invalid because Dr. Sanderson

was never a work-for-hire employee of Plaintiff for the purpose of web site content

authorship. Dr. Sanderson never assigned his copyright in the web site content to

Plaintiff. Notwithstanding that Plaintiff has no right in copyright for the web site content,

Dr. Sanderson did not copy it. This is because Dr. Sanderson authored the content.

Plaintiff goes to lengths to show that the web site as it appeared while Dr. Sanderson was

employed by Plaintiff is similar to that used after Dr. Sanderson resigned from St.

---

[4]       It should be noted that Plaintiff filed its copyright application days preceding the filing of this
lawsuit, *ex post facto* and *post haste*, for the purpose of creating a cause of action. As an example of the
work to be registered, Plaintiff attached to the copyright application, cached files from the Wayback
machine from the Archive.org 2003 archival files. For all the reasons argued that this evidence is
inadmissible based upon its unreliability, the copyright application resulting in registration is likewise
suspect. The Copyright Office does not substantively evaluate submitted works for reliability.

Luke's.  Of course it's similar, Dr. Sanderson wrote it.  Sanderson Declaration ¶ 7.  From 1998, when Dr. Sanderson first launched the web site, until June 2003, Dr. Sanderson continually designed, amended and updated his site.  He did so with the assistance of Mr. Erickson, both while employed by Plaintiff and thereafter.  At no time did Plaintiff object.  Each time the site was updated, Mr. Erickson provided Dr. Sanderson a CD-ROM containing the latest version of the web site content. Sanderson Declaration ¶ 8. The allegations in Plaintiff's complaint concerning theft and the removal of content from servers is simply untrue.  Dr. Sanderson had no need to "copy" any content from the St. Luke's servers because he had the content on CD-ROM which he had maintained over 5 years while he and Mr. Erickson worked on the laserspecialist.com web site.  Neither Mr. Erickson nor Dr. Sanderson needed to copy the website content because Dr. Sanderson maintained the content on a CD-ROM.  Plaintiff's post haste copyright registration is invalid because Plaintiff had no legal entitlement to obtain it.  Without "copying," there can be no copyright infringement.  Plaintiff is unlikely to succeed on its copyright claim.

VI.

**CONVERSION**

Plaintiff is unlikely to succeed on it claim of conversation.  In order to "convert" another's property, the act of conversion must be "inconsistent with the other's ownership."  However, the laserspecialist.com website has always been owned by Dr. Sanderson.  The original Network Solutions registration information, the subsequent renewals and the current ownership is that of Dr. Sanderson.  Sanderson Declaration ¶ 6. Plaintiff repeatedly alleges in this case that it paid for the registration of the domain name.  However, the registration documents reveal that the cost of registration and all

9

work performed by Mr. Erickson on the laserspeciaist.com web site was charged to Dr. Sanderson as part of his direct overhead. So although Plaintiff "issued" the check to Network Solutions for the registration, Dr. Sanderson in fact "paid" because he was back charged by Plaintiff for the cost. Sanderson Declaration ¶ 6.

Notwithstanding the foregoing, Plaintiff had an obligation to object to the registration of the domain name in Dr. Sanderson's name if it was in fact inconsistent with Plaintiff's understanding of the ownership. The domain name was registered in June 1998 and Plaintiff first raised its objection in February 2006 when it filed this action; some seven plus years after the fact. Plaintiff cannot argue that it did not have knowledge of the registration in Dr. Sanderson's name because Plaintiff's accounting department approved the payment for registration in Dr. Sanderson's name. For Plaintiff to prevail on it conversion claim, it must show that Dr. Sanderson wrongly asserted possession. So long as the ownership rests in Dr. Sanderson, as a matter of law, the property cannot be converted. Plaintiff is unlikely to succeed on its conversion claim.

VII.

**CONCLUSION**

Plaintiff has failed to demonstrate a likelihood for success on any of the claims asserted as a basis for the issuance of a preliminary injunction. Plaintiff has shown no irreparable injury and no immediacy of harm. Plaintiff's inexplicable delay in taking action defies Plaintiff's argument that it is suffering damages that cannot be compensated at law. Plaintiff's failure to show a clear entitlement to the relief requested precludes the issuance of a preliminary injunction.

**WHEREFORE**, the Defendants pray the Court will deny Plaintiff's motion for

preliminary injunction.

## CERTIFICATE OF FILING

   I hereby certify that on May 11, 2006 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for the Plaintiff, John D. Goldsmith, Esq., Trenam, Kempker *et al*., 101 East Kennedy Blvd., Suite 2700, Tampa, FL 33602.


Respectfully submitted,



s/H. William Larson
H. William Larson
Fl. Bar No: 569930
larsonb@tampabay.rr.com
Ruth E. Freeburg
Fl. Bar No: 0018106
ruthfreeburg@tampabay.rr.com
Trial Counsel for Defendants
Larson & Larson PA
11199 – 69th St. North
Largo, FL 33773-5504
(727) 546-0660 telephone
(727) 545-1595 facsimile