UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. LUKE'S CATARACT AND
LASER INSTITUTE, P.A.,

    Plaintiff,

v.                                         Case No.:  8:06-cv-223-T-MSS

JAMES C. SANDERSON,
JAMES C. SANDERSON, M.D., LLC, and
MARK ERICKSON,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes on for consideration of Plaintiff's Motion for Admission of Evidence (the "Motion") (Dkt. 46-1) and Defendants response thereto (Dkt. 49-1).

Plaintiff requests that printouts of pages from the laserspecialist.com and the lasereyelid.com websites taken from www.archive.org (hereinafter referred to as the "Internet Archive") and supporting declarations be admitted to show how the sites have appeared at various times since 2000. In support of its Motion, Plaintiff relies on Telewizja Polska USA, Inc. v. EchoStar Satellite Corp., 2004 WL 2367740 (N.D. Ill.), a case from the Northern District of Illinois which dealt with admitting evidence from Internet Archive.

In Telewizja, the plaintiff sought to bar the defendant from introducing evidence from Internet Archive to prove what the plaintiff's website looked like on various dates in 2004. Id. at 5. First, the plaintiff argued that the printouts from Internet Archive were "double hearsay." Id. The court disagreed, finding that the text and graphics from the website were not statements and the content of the website constituted an admission by a party-opponent and was therefore, not hearsay. Id. Second, the plaintiff argued that the

printouts from Internet Archive should not be admitted because they had not been authenticated. Id. at 6. The plaintiff did not present evidence that the printouts were inaccurate or that Internet Archive was unreliable or biased, only that the defendant had failed to meet the authentication requirements of Fed. R. Evid. 901. Id.

The defendant had attached to the printouts the affidavit of Ms. Molly Davis, the administrative director for Internet Archive. Id. Ms. Davis' affidavit was submitted to verify that the copies of the web pages retrieved from Internet Archive were accurate representations of the web pages as they appeared in Internet Archive's records. Id. Her affidavit also described in detail the process Internet Archive uses to allow visitors to search archived web pages through its "Wayback Machine." Id.; (Pl. Mot., Ex. B) Most importantly, the affidavit contained specific attestations of authentication as to the web page in dispute. Thus, the court found the affidavit of Ms. Davis to be "sufficient to satisfy Rule 901's threshold requirement for admissibility." Id.

Here, Plaintiff contends that a certified copy of Ms. Davis' affidavit used in Telewizja,[1] along with the affidavits of Mr. Benjamin Fertic[2] and Mr. Bradley Houser[3], are sufficient to authenticate the printouts it seeks to introduce from Internet Archive. In response, Defendants contend that the declarations of Mr. Fertic and Mr. Houser, two fact witnesses, are insufficient to authenticate the printouts from Internet Archive. According to Defendants, these two witnesses did not rely on their personal knowledge of how the

---

[1] Plaintiff claims it is in the process of obtaining a certified copy of Ms. Davis' affidavit to supplement its Motion. (Pl. Mot. at 2, n.1)

[2] Mr. Fertic attached to his declaration (Dkt. 10-1) "true and correct" images of pages from Internet Archive, which he claimed showed how the laserspecialist.com website appeared "as of December 7, 2003."

[3] Mr. Houser attached to his declaration (Dkt. 9-1) "true and correct" images of pages from Internet Archive, which he claimed showed how the laserspecialist.com website appeared "as of October 18, 2000" and "June 7, 2004."

Wayback Machine operates. The witnesses merely provided their opinions about how the process works. Further, the lay opinions given by these individuals in their declarations were incorrect as to how the Wayback Machine works.[4] Defendants also contend that the declaration of Ms. Davis, taken two years ago in an unrelated case, is insufficient to authenticate the printouts Plaintiff seeks to admit in the present case.

Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility." Fed. R. Evid. 901. This requirement is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. Web-sites are not self-authenticating. Sun Protection Factory, Inc. V. Tender Corp., 2005 WL 2484710, slip op. at 6, n.4 (M.D. Fla. October 7, 2005). To authenticate printouts from a website, the party proffering the evidence must produce "some statement or affidavit from someone with knowledge [of the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient." In re Homestore.com, Inc. Sec.Litig., 347 F.Supp.2d 769, 782 (C.D. Cal. 2004).

Here, Plaintiff has not met the requirements for authentication. In order to satisfy the requirement of Fed. R. Evid. 901, that is, to show that the printouts from Internet Archive are accurate representations of the laserspecialist.com and lasereyelid.com websites on various dates since 2000, Plaintiff must provide the Court with a statement or affidavit from an Internet Archive representative with *personal knowledge* of the contents of the Internet Archive website. The declarations of Mr. Fertic and Mr. Houser do not meet this requirement as neither individual has *personal knowledge* of the content of the Internet

---

[4]Plaintiff acknowledges that the declarations of Mr. Fertic and Mr. Houser were incorrect. They declared, and Plaintiff believed, that Internet Archive stored all of the pages of a website on a particular date. Plaintiff has discovered that Internet Archive actually stores information on a page by page basis, meaning a different date may be assigned to each page of a website. Plaintiff "will submit new amended declarations to accurately reflect the new information it has learned about how Internet Archive works." (Pl. Mot. at 5, n.3)

Archive website. Further, Ms. Davis' affidavit from a previous litigation, without more, is insufficient to satisfy this requirement. However, an affidavit by Ms. Davis, or some other representative of Internet Archive with personal knowledge of its contents, verifying that the printouts Plaintiff seeks to admit are true and accurate copies of Internet Archive's records would satisfy Plaintiff's obligation to this Court. Accordingly, the Court **ORDERS** that Plaintiff's Motion (Dkt. 46-1) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of May 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record